**UNITED STATES DISTRICT COURT**
**Western District of Massachusetts**

| | |
|---|---|
| KEITH BRIAN ASKINS<br><br>    Plaintiff<br><br>V.<br><br>WILLIAM C. WERNICKI TRUCKING<br><br>    Defendant | Civil Action No.: 04-30178-MAP<br><br>ANSWER OF DEFENDANT<br>WILLIAM C. WERNICKI TRUCKING<br>TO PLAINTIFF'S COMPLAINT |

**PARTIES**

1. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and calls upon the plaintiff to prove the same;

2. The allegations of paragraph 2 are admitted.

**JURISDICTION**

3. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and calls upon the plaintiff to prove the same;

4. The allegations of paragraph 4 are admitted;

5. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and calls upon the plaintiff to prove the same;

6. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and calls upon the plaintiff to prove the same;

**VENUE**

7. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and calls upon the plaintiff to prove the same;

**CLAIMS FOR RELIEF**
**(Negligence)**

8. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and calls upon the plaintiff to prove the same;

9. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and calls upon the plaintiff to prove the same;

10. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and calls upon the plaintiff to prove the same;

11. The allegations of paragraph 11 are denied;

12. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and calls upon the plaintiff to prove the same;

13. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and calls upon the plaintiff to prove the same;

14. The defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and calls upon the plaintiff to prove the same;

15. The allegations of paragraph 15 are denied;

16. The allegations of paragraph 16 are denied;

17. The allegations of paragraph 17 are denied;

18. The allegations of paragraph 18 are denied;

WHEREFORE, in the alternative, the defendant denies that the plaintiff is entitled to judgment against it, and that all issues be tried by a jury.

## **AFFIRMATIVE DEFENSES**

### **FIRST DEFENSE**

The complaint fails to state a claim against the defendant upon which relief can be granted and, therefore, the complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### **SECOND DEFENSE**

The plaintiff, Keith Brian Askins was more than fifty (50%) percent at fault in causing the injuries and, therefore, is barred from recovery by the comparative negligence statute, Massachusetts General Laws Chapter 231 Section 85.

**THIRD DEFENSE**

If the plaintiff is entitled to recover against the defendant, any such recovery must be reduced in accordance with the comparative negligence statute, Massachusetts General Laws Chapter 231 Section 85, since the negligence of the plaintiff Keith Brian Askins, was a proximate cause of the injuries allegedly sustained.

**FOURTH DEFENSE**

The acts and omissions which are alleged to have caused the damages and/or injuries referred to in the complaint were committed by third parties who are not agents, or employees of the defendant and for whose acts or omissions the defendant is not legally responsible.

WHEREFORE, the defendant respectfully demands that this action be dismissed and that it be awarded its costs, expenses and counsel fees.

**DEMAND FOR TRIAL BY JURY:**

The defendant, William C. Wernicking Trucking, demands a trial by jury.

ATTORNEY FOR THE DEFENDANT,
William C. Wernicki Trucking

Robert M. LaRose
Russo, LaRose & Bresnahan
538 Preston Avenue
P.O. Box 1002
Meriden, CT  06450
(203) 238-1812
BBO#543711

## CERTIFICATE OF SERVICE

I, Robert M. LaRose, Esq., do hereby certify that I have made service of the Answer to Complaint for the Defendant, William C. Wernicki Trucking, by mailing a copy of same postage prepaid, first class mail to all counsel of record on November 30, 2004, as follows:

Barry E. O'Connor, Esq
293 Bridge Street, Suite 326
Springfield, MA  11103

_____
Robert M. LaRose