UNITED STATES DISTRICT COURT
Western District of Massachusetts

| | |
|---|---|
| KEITH BRIAN ASKINS ) | |
| ) | |
| Plaintiff ) | Civil Action No.: 04-30178-MAP |
| ) | |
| V. ) | |
| ) | PARTIES JOINT STATEMENT |
| WILLIAM C. WERNICKI TRUCKING ) | PURSUANT TO LOCAL RULE 16.1 |
| ) | |
| Defendant ) | |

Pursuant to Federal Rules of Civil Procedure 16(b), 26(f) and District of Massachusetts Local Civil Rule 16.1, a conference was held on December 28, 2004. The participants were:

Barry E. O'Connor for the plaintiff, Keith Brian Askins.

Robert M. LaRose for the defendant William C. Wernicki Trucking.

I.   **CERTIFICATION:**

Undersigned counsel certify that after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certified that they have forwarded a copy of this report to their clients.

## II.      JURISDICTION:

A.      Subject Matter Jurisdiction:

Based on diversity, 28 U.S.C. 1332; not in dispute.

B.      Personal Jurisdiction:

Not in dispute.

## III.     BRIEF DESCRIPTION OF CASE:

A.      <u>Claims of Plaintiff</u>:

The plaintiff claims that he sustained injuries while in the course of his employment with the United States Postal Service, and to have incurred certain damages and losses as a consequence of an incident which occurred on September 22, 2001 at the United States Postal Service bulk mail facility in Springfield, Massachusetts.

B.      <u>Defenses and Claims of Defendant</u>:

The defendant denies that it was the sole contractor with Data Mail on site at the United States Postal Service bulk mail facility in Springfield. The defendant denies that the plaintiff was injured in the rear of a truck/trailer owned by the defendant. The defendant also claims that the accident was proximately caused by the plaintiff's own negligence and not the negligence of the defendant.

**IV.   CASE MANAGEMENT PLAN:**

　　A.　　Early Settlement Conference:

1.　　The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2.　　The parties do not request an early settlement conference.

　　B.　　Joinder of Parties and Amendment of Pleadings:

1.　　The plaintiff should be allowed until February 4, 2005 to file motions to join additional parties and until February 4, 2005 to file motions to amend the pleadings.

　　C.　　Discovery:

1.　　The parties anticipate that discovery will be needed on the following subjects:

　　　　a.　　The exact sequence of events which led to plaintiff's claimed injuries;
　　　　b.　　The plaintiff's claim that his injuries were as a consequence of the incident which occurred on September 22, 2001;
　　　　c.　　Whether or not the plaintiff's injury occurred in a truck owned/or leased by the defendant;
　　　　d.　　Whether the truck/trailer was unreasonably safe;
　　　　e.　　The extent of the plaintiff's claimed impairments.

2.　　All discovery including depositions of expert witnesses pursuant to Federal Rules of Civil Procedure 26(b)(4) will be commenced by February 7, 2005 and completed (not propounded) by August 7, 2005.

3.　　Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of three (3) to four (4) depositions of fact witnesses and the defendant will require a total of three (3) to four (4) depositions of fact witnesses. The depositions will commence by February 7, 2005 and be completed by August 7, 2005.

5. The parties will not request permission to serve more than twenty-five (25) interrogatories.

6. The plaintiff intends to call expert witnesses at trial. The plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure 26(a)(2) by May 7, 2005. Depositions of any such experts will be completed by June 7, 2005.

7. The defendant intends to call expert witnesses at trial. The defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Federal Rules of Civil Procedure 26(a)(2) by July 7, 2005. Depositions of any such experts will be completed by August 7, 2005.

8. A damage analysis will be provided by any party who has a claim or counterclaim for damages by plaintiff's supplying hospital medical records and other data which substantiate his claim for damages on an ongoing basis.

F. Dispositive Motions:

Dispostive motions will be filed on or before October 7, 2005.

V.  **FINAL PRETRIAL CONFERENCE:**

The case will be ready for pretrial conference by October 7, 2005, unless a dispositive motion is pending.

VI. **TRIAL READINESS:**

The case will be ready for trial by October 7, 2005, unless a dispositive motion is pending.

As officers of the Court, the undersigned counsel agreed to cooperate with each other and the Court to promote a just, speedy and inexpensive determination of this action.

| ATTORNEY FOR THE PLAINTIFF<br>Keith Brian Askins | ATTORNEY FOR THE DEFENDANT,<br>William C. Wernicki Trucking |
|---|---|
| */s/ Barry E. O'Connor* | */s/ Robert LaRose*   BOC |
| Barry E. O'Connor, Esq.<br>293 Bridge Street, Ste 326<br>Springfield, MA  11103<br>(413) 746-0060<br>BBO# 548570 | Robert M. LaRose<br>Russo, LaRose & Bresnahan<br>538 Preston Avenue<br>P.O. Box 1002<br>Meriden, CT  06450<br>(203) 238-1812<br>BBO#543711 |
| Dated 12/29/04 | Dated 12/29/04 |