UNITED STATES DISTRICT COURT
Western District of Massachusetts

FILED
IN CLERK'S OFFICE

2005 JUN -7  A 10: 54

U.S. DISTRICT C...
DISTRICT OF ...

| | |
|---|---|
| KEITH BRIAN ASKINS ) | |
| ) | |
| Plaintiff ) | Civil Action No. 04-3078-KPN |
| ) | |
| vs. ) | |
| ) | |
| WILLIAM C. WERNICKI TRUCKING ) | |
| ) | |
| Defendant ) | |

### PLAINTIFF KEITH BRIAN ASKINS' OPPOSITION TO MOTION FOR SANCTIONS PURSUANT TO RULE 37(b)

The plaintiff, Keith Brian Askins, opposes this Motion for Sanctions under Rule 37(b) of the Federal Rules of Civil Procedure based upon the following grounds.

1. On May 26, 2005, plaintiff's attorney received a copy of the current Motion for Sanctions from defendant's attorney dated May 25, 2005. Defendant's Motion states that this Honorable Court issued an Order on May 11, 2005 to produce Answers to Interrogatories and Document Requests by May 18, 2005. Plaintiff's attorney had not until this time received notice of the Court's Order and was able to speak to a Clerk at the Court concerning notice of the Order. Plaintiff's attorney was given a copy of the Order by the Clerk and as stated on the Order, the notice would not be electronically mailed to the plaintiff's attorney. The Clerk however, stated that the Order would have been mailed following the Court's decision on May 11, 2005. On May 31, 2005 plaintiff mailed to defendant's counsel of record the Answers to Interrogatories and Requested Documents sought by defendant.

Plaintiff has never intended to limit defendant's discovery and did not object to requested discovery. Additionally, plaintiff has never willingly failed to comply with or intended to disobey this Court's Order issued May 11, 2005 or wished to prejudice defendant in defendant's defense of the instant case. Plaintiff agrees that defendant would be prejudiced by plaintiff's refusal to comply with the discovery Order. However, the instant case is still in the initial phases of litigation and the Scheduling Order, issued in the present case provides that discovery shall not be closed until August 8, 2005 and plaintiff does not intend to call any expert witnesses. The plaintiff regrets that the discovery was not made by the time proscribed by the Order and reiterates the failure to comply was not intentional. Plaintiff has promptly made the discovery in issue upon learning of the Court Order and feels dismissal of the Complaint against defendant is not warranted at this time.

Accordingly, plaintiff acknowledges that Rule 37(b) allows for sanctions for failure to comply with an Order of Court, as it is necessary and proper for the Court to have the ability to enforce it's orders. Plaintiff also acknowledges that he has failed to comply with the Order although such failure was not made in bad faith or willingly made. However, plaintiff contends that this failure was remedied by fulfilling discovery requests immediately upon learning of the Order and well within the bounds of the discovery period set forth in the scheduling order. In Pereira v. Narragansett Fishing Corporation, a United States District Court decision for the District of Massachusetts, the defendant corporation made a motion to dismiss under Rule 37(b) for failure to comply with a Court Order compelling discovery. Pereira v. Narragansett Fishing Corporation, 135 F.R.D. 24 (1991). The Court concluded that dismissal of the complaint was too severe of a sanction. Id. at 25. The Court did impose monetary sanctions, but stressed that the sanctions were being given because the answers were served only fifteen days before the

close of discovery. Id. at 26. Furthermore, in <u>Pereira</u>, the sanctions given were in response to the plaintiff's wilful disregard of two Court Orders and stressed the "egregious" nature of the plaintiff's violation. Id. at 26.

Consequently, the plaintiff's claim should not be dismissed because the discovery was not made in the time specified in the Order. Moreover, defendant's Motion does not contain a request for monetary sanctions and the circumstances surrounding the instant case do not warrant them. The <u>Pereira</u> decision discusses Rule 37(b)2 sanctions stating that the Rule allows for sanctions when the party "fails to obey an order to provide or permit discovery... the court in which the action is pending 'may make orders in regard thereto as are just'". <u>F.R.C.P. Rule 37(b)2)</u>, <u>Pereira</u> at 26. In clarifying the Rule, the Court states that if "circumstances make an award of expenses unjust" sanctions should not be imposed. Id at 26.

WHEREFORE, plaintiff moves that this Court:

1. Deny defendant's Motion for Sanctions based upon the above stated reasons.

be entitled.

Dated: 5/31/05

Plaintiff By his attorney,

Barry E. O'Connor, Esq.
293 Bridge Street Suite 326
Springfield, MA 01103
413.746.0060
B.B.O : 548570

## CERTIFICATION OF SERVICE

I, Barry E. O'Connor, hereby certify that a copy of this Opposition for sent via first class mail on May 31, 2005 to defendant's counsel of record.

Robert M. LaRose
Russo, LaRose & Bresnahan
95 Glastonbury Boulevard, Suite 400
Glastonbury, CT 06033

Dated: 5/31/05

Barry E. O'Connor