UNITED STATES DISTRICT COURT
Western District of Massachusetts

| | |
|---|---|
| KEITH BRIAN ASKINS | ) |
| Plaintiff | ) Civil Action No.04-30178-KPN |
| v. | ) JOINT JURY INSTRUCTIONS of<br>) THE PLAINTIFF KEITH ASKINS and |
| WILLIAM C. WERNICKI TRUCKING | ) THE DEFENDANT WILLIAM C.<br>) WERNICKI TRUCKING |
| Defendant | ) |

## **CONTROL**

In order for a duty to exist, the defendant must have been in control of the trailer at the time of the alleged tortuous event.

Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973).

## NOTICE

The law imposes on a property owner a duty to maintain his property in reasonable safe condition in view of all circumstances. <u>Barry v. Beverly Enterprises – Massachusetts, Inc.</u> 418 Mass. 590, 592-93 (1994).

Proof merely that there was a hole in the floor of the trailer in this case is insufficient to show negligence on the part of the defendant. <u>Oliveri v. Massachusetts Bay Transportation Authority</u>, 363 Mass. 165, 167 (1973). A defendant who had no actual or constructive knowledge of the alleged hazardous condition so they could reasonable remove, or warn the plaintiff of, the danger cannot be found to have violated his duty of care. Evidence that a defective condition existed at the time of the accident does not prove a defendant's negligence without further evidence that the defendant had notice or should have known about the dangerous condition. The length of time in which the defendant should discover or remove or warn of dangerous condition depends upon the circumstances of each case.

<u>Rabel v. Delta Elevator Service Corporation,</u> 1998 Mass. Super LEXIS 396 (Superior Court of Massachusetts at Middlesex, January 12, 1998, Sosman, J.).

2

## **BURDEN OF PROOF**

Speculation or conjecture is insufficient for establishing negligence against the defendant in this case. Paquette v. Bradley, 348 Mass. 326, 327 (1965).

## NEGLIGENCE

In this case the plaintiff, Keith Askins is claiming that the defendant, William C. Wernicki Trucking acted negligently by failing to maintain the trailer in a reasonable fashion.

In order to recover in this lawsuit the plaintiff has the burden of proving by a preponderance of the evidence the following four element:

First, the plaintiff must prove that the defendant owed him a duty of care.[1]

Second, the plaintiff must prove that the defendant breached that duty of care or in other words was negligent[2].

Third, the plaintiff must prove that he suffered in injury or harm.

Fourth, the plaintiff must prove that the defendant's breach of duty was a cause of the plaintiff's injury or harm

---

[1] *O'Leary v. Jacob Miller Co.*, 19 Mass.App.Ct. 947, 948, N.E.2d 200. 201 (1985)

[2] *Irwin v. Town of Ware* 392 Mass. 745, 764, 497 N.E. 2d 1292, 1305 (1984); *Goldstein v. Gontar*, 364 Mass. 800, 804, 309 N.E.2d 196, 199-200 (1974)

## **DUTY**

The first element the plaintiff must prove by a preponderance of the evidence is that a duty was owed to him by the defendant[1]

You are to interpret the word "duty" as an obligation. Duty means an obligation to conform to a particular standard of conduct toward another person which is recognized and enforced in the law.[2]

It is for you to determine whether the defendant did exercise the required care or whether the defendant breached this duty.[3]

---

[1] *Carrier v. Riddell, Inc.*, 721 F2d867, 868 (1st Cir.1983); *W. Prosser Handbook of the Law of Torts*, s37 at 206 (4th ed 1971) *Fed Express Corp v. State Dep't of Transportation*, 664 F.2d 830, 835 (1st Cir.1981)

[2] *Massachusetts Lobsterman's Assoc., Inc. v. United States*, 554 F. Supp. 740, 742 (D. Mass. 1982).

[3] *W.P. Keeton, Prosser and Keeton on Torts* s 37, 53 at 235-33, 356-59 (5th ed. 1984)

## **BREACH**

The second element which the plaintiff must prove by a preponderance of the evidence is that the defendant did not exercise the required amount of care under the circumstances, that the defendant breached it's duty of care, or, in other words, was negligent.

Since there is a duty to exercise reasonable care the plaintiff must prove by a preponderance of the evidence that the defendant failed to exercise the required amount of care.[1]

The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances.[2]

---

[1] *Brown v. Kendall*, 60 Mass. (6 Cush.)292 (1850) *Perry v. Medeiros*, 369 Mass 836, 343 N.E. ed 859 (1976).

[2] *Kane v. Fields Corner Grille*, 341 Mass. *640 Restatement (Second) of Torts* s 298 cmt.b (1965)

## REASONABLE CARE VARIES WITH CIRCUMSTANCES

The amount of care that the prudent person would exercise varies with the circumstances, the care increasing with the likelihood and severity of the harm threatened.[1]

Therefore, based upon the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in these circumstances[2]

---

[1] *Goldstein v. Gontarz*, 364 Mass. 800, 805-06, 309 N.E. 2d 200, 201 (1971). *Kane v. Fields Corner Grille*, 341 Mass. 640, 643, 171 N.E. 2d 287, 289-90 *(1961)Restatement (second) of torts* s 283,298 (1965)

[2] *Gilhooley v. Star Mkt Co.*, 400 Mass. 205, 207, 508 N.E.2d 609, 610 (1982) *Brennan v. Ocean View Amusement Co.*, 289 Mass. 587, 194 N.E. 911 (1935).

## DUTY TO WARN

The duty to exercise reasonable care includes a duty to warn of danger, if the person on whom that duty rests knew or reasonably should have known a warning was needed.[1]

However, a defendant does not have a duty to warn about dangers that would be open and obvious to persons of average intelligence[2]

A plaintiff is entitled to the presumption that if a warning had been given by the defendant, it would have been heeded.[3]

---

[1] *Schaffer v. Gen Motors Corp.*, 372 Mass. 171, 174, 360 N.E. 2d 1062, 1065 (1977) Restatement of Torts s 388 (1965)

[2] *O'Sullivan v. Show*, 431 Mass 201, 204, 726 N.E. 2d 951, 954 (2000)

[3] *Harlow v. Chin*, 405 Mass 697, 713, 545 N.E. 2d 602, 611 (1989).

## AGENCY

An employer is responsible for the negligence of he employee if the employee was negligent while acting within the scope of his employment. In determining whether the conduct was within the scope of a person's employment, you may take into account whether it was the type of conduct that he was employed to perform, whether the conduct occurred substantially within the authorized time and space limits, and whether it was motivated, at least in part, by a purpose to serve the employer.[1]

---

[1] *Dias v. Brigham Med. Assoc.*, Inc., 438 Mass. 317, 780 N. E. 2d 447 (2002); *Worcester Ins. Co. v. Fells Acre Day Sch., Inc.*, 408 Mass 393.404, 557 N.E. 2d 958, 966-67. (1990); *Swasey's Case*, 8 Mass App.Ct. 489, 494, 395 N.E. 2d 884.

## **CAUSATION**

On the issue of the fact of causation, the plaintiff, in general, has the burden of proof and must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result.[1]

There is no requirement of law that the plaintiff point out the exact way an accident happens. The plaintiff sustained his burden if he proved that there was a greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from any other cause.[2]

The law recognizes that there can be more than one cause to produce an injury, and more than one person legally responsible for it. Where two or more caused combine to produce injuries or death, the defendant is not relieved of liability because it is responsible for only one of such causes.[3]

The law is clear that even the acts of third persons, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the initial wrongdoer, provided that such act ought to have been foreseen. "The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise.[4]

---

[1] *Prosser, Torts* s41 241

[2] *Carey v. General Motors Corp.*, 377 Mass. 736, 740 (1979), *quoting McLaughlin v. Bernstein*, 356 Mass. 219, 226 (1969).

[3] *See Horne v. Meakin*, 115 Mass. 326 (1874); *Sherman v. Fall River Iron Works Co.*, 87 Mass. 213 (1862).

[4] *Jesionek v. Massachusetts Port Authority*, 376 Mass. 101, 105 (1978), *quoting Lane v. Atlantic Works*, 111 Mass. 136, 139-40 (1872).

## PLAINTIFF'S REQUESTED INSTRUCTION ON DAMAGES

If you find that the defendant was negligent, the plaintiff will be entitled to recover money damages as compensation for the bodily injuries sustained by him. The plaintiff will be entitled to recover for the following elements of damages:

- past and future expenses incurred for hospitalization and medical care and treatment;

- past, present and future physical pain, suffering and mental anguish; and

- past, present and future scarring and disfigurement.[1]

In awarding the plaintiff damages for the cost of medical treatment you may consider costs incurred by him for treatment that has been r4endered to date, as well as costs that the plaintiff may reasonable be expected to incur for future medical care and treatment.[2]

The plaintiff is entitled to compensation for future medical expenses which by a fair preponderance of the evidence he has satisfied the jury are reasonable to be expected to be incurred in the future.[3] Even without distinct proof of the exact amount of expenses that will be incurred, the jury may award a reasonable sum based upon the nature of the plaintiff's injuries and the nature and number of physician's services that can reasonable be expected to follow. Even unascertained, future expenses may be allowed for.[4]

Regarding the element of pain and suffering, the plaintiff is entitled to recover for the physical pain and suffering she has experienced as a result of the injuries inflicted upon her by the defendant, as well as for any "mental suffering connected with and growing out of the physical injury."[5] This includes damages for past, present and future pain, suffering and mental anguish.[6]

You may consider the life expectancy of the plaintiff on the question of "the degree of expected future pain and suffering."[7]

---

[1] *Stella v. Curtis*, 348 Mass. 458, 463 (1965).

[2] *Turner v. Boston and Main Railroad*, 158 Mass. 261, 266 (1893).

[3] *Pullen v. Boston Elevated Railway Co.*, 208 Mass. 356, 357 (1911).

[4] *Scullane v. Kellogg*, 169 Mass. 544, 550 (1897).

[5] *Lewis v. Springfield*, 261 Mass. 183, 197 (1972).

[6] *See Stella v. Curtis, supra*, at 463

[7] *Cuddy v. L. M. Equipment Co.*, 352 Mass. 458, 462 (1967).

## **SCARRING AND DISFIGUREMENT**

The plaintiff is entitled to recover damages to compensate him for any scarring and disfigurement he has suffered as a result of the defendant's negligence. In this regard you should consider the scarring and disfigurement suffered by the plaintiff from the time of her injury to the present, as well as any scarring and disfigurement that will continue in the future.

Again you may consider the life expectancy of the plaintiff on the questions of scarring and disfigurement to be endured in the future. Your verdict today must compensate the plaintiff for the past, present and future effects of his injuries.

## **RES IPSA LOQUITUR**

The plaintiff is allowed to prove a defendant's negligence by circumstantial evidence. [8]

Based on the facts yo find, if you determine that such an event would not have happened unless the defendant was negligent, you may infer that the occurrence [accident] was caused by negligence.[9]

In drawing this inference, you must find, [either by expert evidence or] by your own common knowledge, that the mere occurrence of the accident shows negligence as a cause.[10]

The plaintiff is required to prove certain conditions in order for you to draw this inference.

You may infer that harm suffered by the plaintiff is caused by negligence of the defendant when:

- the event is of a kind which ordinarily does not occur in the absence of negligence;

- other responsible causes, including the conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

- the indicated negligence is within the scope of the defendant's duty to the plaintiff.

---

[8] *Woronka v. Sewall, 320 Mass. 362, 365, 69 N.E.2d 581, 582-83 (1946); Evangelico v. Metro. Bottling Co., 339 Mass. 177, 158 N.E. 2d 342 (1959).*

[9] *Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234, 235, 200 N.E. 883, 883-84 (1936). Coyne v. John S. Tilley Co., 368 Mass. 230, 235, 331 N.E.2d 541, 545 (1975)*

[10] *Coyne v. John S. Tilley Coi., 368 Mass. 230, 235, 331 N.E.2d 541, 545 (1975); Edwards v. Boland,, 41 Mass.App.Ct. 375, 675 N.E.2d 404 (1996); and Enrich v. Windmere Corp., 416 Mass. 83, 88-89, 616 N.E.2d 1081, 1084-85 (1993).*

## COMPARATIVE NEGLIGENCE

As a defense to this action, the defendant is[1] claiming that the plaintiff himself was negligent and that the plaintiff's own negligence caused his injuries. We have a law in Massachusetts call the "comparative negligence statue" that required you the jury, to compare the negligence, if any, of the defendant to the negligence, if any, of the plaintiff.[2]

Unlike the previous elements where the plaintiff has the burden of proof, as to this issue, the defendant has the burden of proving by the preponderance of the evidence that the plaintiff was negligent and that this negligence contributed[3] to cause the plaintiff's injuries.[4]

When you are determining whether the plaintiff was negligent, remember the instructions on causation. The plaintiff's negligence must have contributed to the cause of his injury for this comparative negligence analysis to apply.[5]

A plaintiff's negligence causally contributes to his injury if he ought to have foreseen that his conduct in connection with other causes would be likely to produce an accident. I f you are convinced by a preponderance of the evidence that the plaintiff was negligent, you are to compare that negligence to the negligence of the defendants. To accomplish this comparison, determine the percentage that each defendant was negligent. The combined total of the negligence of the plaintiff and all the defendants must equal 100 percent. If the negligence of the plaintiff is greater than the combined negligence of the defendants, the plaintiff will not be entitled to recover any damages.[6]

If the negligence of the plaintiff is equal to or less than the negligence of all the defendants combines, the plaintiff's damages will be diminished by the percentage of his own negligence. If the negligence of the plaintiff is less than 50 percent, the amount you determine that the plaintiffs damages will be reduced by that percentile by the clerk. For example, if you determine that the plaintiff was 20 percent negligent and that the combined negligence of all defendants was 80 percent, the amount of the plaintiff's total damages will be reduced by 20 percent by the clerk. You should write in the full amount of the damages without making any deduction for comparative negligence, keeping in mind that the clerk will make any such deduction after you render your verdict.

---

[1]; cf. *Riley v. Davison Constr. Co.*, 381 Mass. 432, 409 N.E. 2d 1279 (1980).

[2]*Morgan v. Lalumiere*, 22 Mass.App.Ct. 262, 265, 493 N.E.2d 206, 208-09, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986); G.L. c. 231, § 85.

[3]*Zeroulias v. Hamilton Am. Legions Assocs., Inc.*, 46 Mass.App.Ct. 912, 912, 705, N.E.2d 1164, 1166 (1999); *Lange v. Meserve*, 20 Mass.App.Ct. 659, 663-64 & n.6, 482 N.E.2d 530, 532-33 & n.6(1985).

[4]*Correia v. Firestone Tire & Rubber Co.*, 388 Mass. 342, 356, 446 N.E.2d 1033, 1040 (1983).

[5]M. G.L. c. 231, § (1973 Mass. Acts 1123)

[6]*Dilaveris v. Rich*, 424 Mass. 9, 15, 673 N.E.2d 562, 566 (1996).

## DAMAGES

The fourth element the plaintiff must prove is damages. You will only reach the issue of damages if you find that the defendant was negligent and that the defendant's negligence caused injury to the plaintiff.

As with all the other elements, the plaintiff bears the burden of proving his damages by a fair preponderance of the evidence.[1]

The purpose of the law in awarding damages is to compensate an injured person for the losses incurred because of another person's or entities negligent conduct.[2]

The object is to try to restore the person to the position he would have been in had the wrong not occurred. The purpose is not to reward the plaintiff and not to punish the defendant. Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to him by the defendant.

You must put aside your personal feelings during your deliberations and decide this case as the and law dictate.[3]

There is no special formula under the law to assess the plaintiff's damage. It is your obligation to assess what is fair, adequate, and just. You must use your wisdom and judgment and your sense of basic justice to translate into dollars the amount which will fairly and reasonable compensate the plaintiff for his injuries. You must be guided by your commons sense and your conscience. In determining the amount of damages which the plaintiff is entitled to recover, there are certain areas which you should take into consideration.

---

[1] W.P. Keeton, *Prosser and Keeton on Torts* § 54, at 359-67 (5th ed. 1984).

[2] *Sullivan v. Old Colony St. Ry.*, 200 Mass. 303, 308, 86 N.E. 511, 511 (1908).

[3] *Roy v. Volkswagen of Am., Inc.*, 896 F.2d 1174 (9th Cir. 1990); *see also Edwards v. Sears, Roebuck & Co.*, 512 F.2d 276 (5th Cir. 1975).