## **PAIN AND SUFFERING**

The first area is pain and suffering. Pain and suffering are of two types: physical pain and suffering, and mental pain and suffering.[1]

For physical pain and suffering, yo are to consider the areas of the body in which you find the plaintiff physically injured. You are to take into account the past pain and suffering endured by the plaintiff since the date of the injuries, the present pain and suffering caused by the injuries, and any future pain and suffering which were proved with reasonable medical probability.[2]

Mental pain and suffering includes any and all nervous shod, anxiety, embarrassment, or mental anguish resulting from the injury.[3]

Also, you should take into account past, present, and probable future mental suffering.

Taking into consideration the nature of the injury, you are to determine what would be a fair and reasonable figure to compensate the plaintiff. You may consider the extent to which the plaintiff's injuries have caused him a loss of pleasure which he otherwise probably would have had in the form of work or play or family life or whatever. The plaintiff is entitled to full compensation for any reduction in the enjoyment of life which you conclude has resulted or probably will result from this accident.

You should also consider and allow a fair, reasonable sum for any permanent condition caused or resulting to the plaintiff as a result for the defendant's wrong. This could include any permanent marks or permanent loss of bodily function. You must determine what amount will fairly and reasonable compensate for that loss.

To arrive at a monetary figure for the plaintiff's pain and suffering, yo must use your own good sense, background, and experience in determining what would be a fair and reasonable figure to compensate for past, present, and future suffering such as you find has been proved by the evidence.

---

[1] *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 577 (1943).

*Sullivan v. Boston Gas Co.*, 414 Mass. 129, 137-38, 605 N.E.2d 805, 810 (1993); *Payton v. Abbott Labs.*, 386 Mass. 540, 557, 437 N.E.2d 171, 181 (1982).

*Dziokonski v. Babineau*, 375 Mass. 55, 380 N.E.2d 1295 (1978) *Agis v. Howard Johnson Co.*, 371 Mass. 140, 143-45, 355 N.E.2d 315, 317-18 (1976); *see also Colla v. Mandella*, I Wis.2d 594 (1957) (discussed with approval in *Payton v. Abbott Labs.*, 386 Mass. 540, 554, 437 N.E.2d 171, 179-80 (1982))

[2] Restatement (Second) of Torts § 436 (1965).

[3] W.P. Keeton, *Prosser and Keeton on Torts* § 54, at 359-66 (5th ed. 1984).

## MEDICAL EXPENSES

The next area of damages which you are to consider is medical, hospital, and nursing expenses incurred by the plaintiff n account of his injuries.[1]

The plaintiff is entitled to be compensated for those expenses which were reasonable in amount and which were reasonable necessary. Therefore, you must determine whether the expense was reasonably related to the treatment and care of the plaintiff, and whether the charge itself was reasonable.

You may also consider and allow the plaintiff a fair, reasonable sum for damages that reasonable are to be expected in the future as a result of the accident.[2]

The plaintiff is entitled to recover for whatever expenses he proves are reasonable required to diagnose and treat any condition brought on by the accident or the resulting injuries. The plaintiff is entitled to recover for the reasonable costs of cure, alleviation of suffering or limitation, and control or disability related to the accident.

---

[1] *Rodgers v. Boynton*, 315 Mass. 279, 280, 52 N.E.2d 576, 572 (1943).

[2] *Griffin v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Cross v. Sharaffa*, 281 Mass. 329, 331-32, 183 N.E. 838, 838-39 (19330; *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

## LOSS OF EARNING CAPACITY

The third area of damages for your consideration is loss of earning capacity.[1]

Whether we are employed, are retired, or never have worked in our lives, each of us has the ability to earn money, which is called an earning capacity. The ability, the capacity to earn money, varies from individual to individual depending upon a number of factors. Such factors may include evidence of earnings before and after the injury, occupation, education, capacity, training, experience, health, habits, talents that a person, has, skills that a person has, intelligence and industry.[2]

If someone hurts us so that we cannot exercise that ability for whatever length of time and that earning capacity is affected, then that is an area or element of damage to be considered by you. [Even when a person does not lose wages because his pay is continued by his employer as a gratuity or as compensation for disability, this person may nevertheless recover damages for impairment of earning capacity.[3]]

"[And,] a person may have an earning capacity in excess of the wages paid him or her in the job that he happens to have at the time of the injury."[4]

Evidence of wages paid is but one factor in your determination of diminution of earning capacity. Bear in mind that it is the diminution in earning capacity of this plaintiff himself, and not some standard of a normal person his position, that furnishes the test.[5]

Therefore, you may consider evidence of what the plaintiff did until his accident, what the plaintiff's interests were, what the plaintiff's training and experience had been, what the plaintiff's talents were, and generally what he was like in order to help determine his capacity to earn since the accident and into the future. You may not take into account anything that is merely possible, speculative, or imaginative.[6] Rather, your award must be based on reasonable probability and can be made on the basis of your collective common knowledge.[7]

---

[1] *Griffing v. Gen. Motors Corp.*, 380 Mass. 362, 366, 403 N.E.2d 402, 405 (1980); *Doherty v. Ruis*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

[2] *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 543 (1939).

[3] *Doherty v. Ruiz*, 32 Mass. 145, 146, 18 N.E.2d 542, 542 (1939) (citing *Donoghue v. Holyoke Street Ry.*, 246 Mass. 485, 493, 141 N.E. 278, 280-81 (1923)); *Shea v. Rettie*, 454, 192 N.E. 44 (1934).

[4] *Doherty v. Ruiz*, 302 Mass. 145, 146, 18 N.E.2d 542, 542 (1039) (citations omitted).

[5] *Doherty v. Ruiz*, 302 Mass. 145, 147, 18 N.E.2d 542, 544 (1939); *Braithwaite v. Hall*, 168 Mass. 38, 40, 46 N.E. 398, 399 (1897).

[6] *Bagley v. Kimball*, 268 Mass. 440, 442, 167 N.E.2d 661, 662 (1929)

[7] *Cross v. Sharaffa*, 281 Mass. 329, 332, 183 N.E. 838, 839 (1933); *Copson v. New York, New Haven & Hartford R.R. Co.*, 171 Mass 233, 237, 50 N.E.2d 613, 614 (1898)

## **LOSS OF EARNING CAPACITY (continued)**

If the plaintiff had the ability to earn money before the accident and you find there was a period of time after the accident that, by reason of the injury caused by the defendant, he was unable to exercise the necessary body or mental function to earn money, then that is an area which he is entitled to have you consider. If you conclude that the plaintiff will not be able to work anymore because of his injuries or his ability to earn money will be permanently diminished, because of his injuries, you may calculate a sum of money to compensate the plaintiff for that loss until the year he would not have had a capacity to earn if their had not been an accident.

## CALCULATING TOTAL DAMAGES

Once you have calculated each of these areas of damages, pain and suffering, past medical expenses, any future, medical expenses, Past diminution of earning capacity,. And [any] future diminution of earning capacity, yo should add up each of these damages to arrive a t the total award. There must not be any overlapping of the various elements constituting the damages. The total sum must be fair compensation for the entire injury, no more and no less.[1]

---

[1] *Rodgers v. Boynton*, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943).

## **LOSS OF CONSORTIUM**

In addition to the damages just described to you which the plaintiff is seeking in this action, the plaintiff's spouse has a claim to recover for the damages she has suffered as a result of the defendant's negligence. This type of claim is called loss of consortium, and it allows recover to the spouse of a physical injured person caused by the negligence of a third person.[1]

Any recovery for loss of consortium requires proof of a tortious act that caused injury to the wife. The word "consortium" really means a right which grows out of marital relationship between husband and wife. It is a right to enjoy the society and companionship and the affection, including the right to sexual relations between the spouses as a part of the marriage relationship.[2]

Therefore, if you find that as a result of the defendant's act or omission the plaintiffs spouse has suffered or is reasonable certain to suffer in the future a loss of consortium you should fairly and reasonable compensate her for the loss. Yo may consider, on this question of loss of consortium.

- loss of companionship and society;

- loss of comfort, solace, or moral support;

- [any loss of enjoyment of sexual relations or ability to have children;]

- any restrictions o social or recreational life; and

- basically and deprivation of the full enjoyment of the marital state.[3]

You must make your determination as to whether there was a loss of consortium, and if so the amount, based on your own common sense, good judgment, experience, and conscience. There is no special formula or rule to measure a fair amount for loss of consortium. You must not, however, allow any overlapping of damages with those belonging to the plaintiff; each is entitled to damages for her individual loss.[4]

---

[1] *Mouradisn v. Gen. Elec. Co.*, 23 Mass.App.Ct. 538, 544, 503 N.E.2d 1318, 1321 (1987).

[2] *Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 160, 301 N.E.2d 555, 559-60 (1973); *Feltch v. Gen. Rental Co.*, 383 Mass. 603, 607-09, 431 N.E.2d 67, 70-71 (1981);

[3] Rodgers v. Boynton, 315 Mass. 279, 281, 52 N.E.2d 576, 577 (1943); *see also Diaz v. Eli Lilly & Co.*, 364 Mass. 153, 162, 302 N.E.2d 555, 561 (1973)

[4] *Morgan v. Lalumiere*, 22 Mass.App.ct. 262, 271, 493 N.E.2d 206, 212, *review denied*, 398 Mass. 1103, 497 N.E.2d 1096 (1986); *Feltch v. Gen. Rental Co.*, 383 Mass. 603, 606-09, 421 N.E.2d 67, 70-71 (1981)

**JURY INSTRUCTIONS:**

The plaintiff and defendant attaches herewith a proposed joint jury instructions.

ATTORNEY FOR THE PLAINTIFF,
Keith Brian Askins

*/s/ Barry E. O'Connor*

Barry E. O'Connor, Esq. BBO# 548570
Law Office of Barry E. O'Connor
293 Bridge Street, Suite 326
Springfield, MA 01103
(413) 746-0060


ATTORNEY FOR THE DEFENDANT,
William c. Wernicki Trucking

*/s/ Robert LaRose*

Robert M. LaRose, Esq. BBO# 543711
Russo & LaRose
95 Glastonbury Boulevard, Ste. 400
Glastonbury, CT 06033
(860) 368-5070