UNITED STATES DISTRICT COURT
Western District of Massachusetts

|  |  |
|---|---|
| KEITH BRIAN ASKINS ) | |
| ) | |
| Plaintiff ) | Civil Action No.: 04-30178-KPN |
| ) | |
| V. ) | DEFENDANT WILLIAM C. WERNICKI |
| ) | TRUCKING'S MOTION FOR |
| WILLIAM C. WERNICKI TRUCKING ) | JUDGMENT AS A MATTER OF LAW |
| ) | |
| Defendant ) | |

The defendant, William C. Wernicki Trucking, pursuant to Federal Rules of Civil Procedure, Rule 50 hereby moves the Court to enter judgment as a matter of law in this case. There is no legally sufficient evidentiary basis for a reasonable jury to find that the plaintiff has proved that the defendant created the hole in the trailer/van, or that any of the defendant's employees knew or should have known of any defect in the floor of the trailer/van prior to the accident.

"A defendant who did not have a reasonable opportunity to discover and remedy a hazardous condition - - that is, a defendant who had no actual or constructive knowledge of the allegedly hazardous condition so that it could not reasonably remove, or warn the plaintiff of, the danger - - cannot be found to have violated its duty of care." Barry v. Beverly Enterprises – Massachusetts, Inc. 418 Mass. 590, 593 (1994). The plaintiff must present evidence that the defendant knew, or in the exercise of reasonable care should have known, of the condition that

1

caused the plaintiff's injury. There can be no liability absent evidence sufficient to permit a jury to reasonably infer that the alleged hazardous condition had existed "long enough so that in the exercise of reasonable care the defendant should have discovered and removed it". Oliveri v. Massachusetts Bay Transp. Auth., 363 Mass. 165, 166 (1973).

The plaintiff offered no evidence as to how long the hole in the trailer/van had existed. There was no evidence presented in the case that William C. Wernicki Trucking's employees created the hole or that its employees knew or should have known of the hole prior to the accident. The mere occurrence of an accident, without more, is insufficient evidence of negligence. Osborne v. Hemingway Transport, 28 Mass. App. Ct. 944, 945 (1990).

WHEREFORE, the defendant William C. Wernicki Trucking's Motion for Judgment as a Matter of Law should be allowed because the evidence was not sufficient to warrant an inference that the defendant knew or reasonably should have known of the hole in the trailer/van.

ATTORNEY FOR THE DEFENDANT,
William C. Wernicki Trucking

_____
Robert M. LaRose, Esq.
Russo & LaRose
95 Glastonbury Boulevard, Ste. 400
Glastonbury, CT  06033
(860) 368-5070
BBO#543711

## CERTIFICATE OF SERVICE

I, Robert M. LaRose, Esq., do hereby certify that a copy of this Motion for Judgment as a Matter of Law has been hand delivered to the following counsel of record on 3/20, 2006, as follows:

Barry E. O'Connor, Esq
293 Bridge Street, Suite 326
Springfield, MA  11103

Robert M. LaRose

3