UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEITH BRIAN ASKINS, )
           Plaintiff )
)
)
    v. ) Civil Action No. 04-30178-KPN
)
)
WILLIAM C. WERNICKI TRUCKING, )
           Defendant )

JURY INSTRUCTIONS
March 21, 2006

1.  It is now my duty to instruct you as to the law which applies to this case. I urge you to pay close attention. You will also have a copy of the instructions in the jury room with you. The instructions cover four subject areas -- general comments; evidence; the burden of proof; and the elements of the case.

I. **GENERAL COMMENTS**

2.  You have been chosen and sworn as jurors to try the issues of fact presented in this case by the complaint of Keith Brian Askins (sometimes referred to as "Plaintiff"), and by the answer of William C. Wernicki Trucking (sometimes referred to as "Wernicki Trucking" or "Defendant"). You are to perform your duty without bias or prejudice to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict, regardless of the consequences.

3.  This case should be considered and decided by you as an action between

persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons, including corporations, stand equal before the law and are to be dealt with as equals in a court of justice.

      4.  It is also your duty as jurors to follow the law as stated in my instructions and to apply the rules of law to the facts as you find them from the evidence.  You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

      5.  Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion might be.  It is not my function to determine the facts.  It is yours.

      6.  During the course of the trial, I have occasionally asked questions of a witness in order to bring out facts not then fully covered in the testimony.  Do not assume that I hold any opinion on the matters to which my questions may have related.

      7.  As I indicated in my instructions at the beginning of the case, it is the duty of each attorney to object when the other side offers testimony or evidence which the attorney believes is not properly admissible.  You should not show prejudice against an attorney or his or her client because the attorney has made objections or because of my ruling on any objection.

## II. **EVIDENCE**

      8.  Statements and arguments of counsel are not evidence in the case.

      9.  Similarly, any evidence as to which I sustained an objection, and any evidence I ordered stricken, must be entirely disregarded by you in your deliberations.

      10.  In addition, unless you are otherwise instructed, anything you may have

seen or heard outside the courtroom is not evidence, and must be entirely disregarded.

11. As I previously explained, there are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts. One is direct evidence--such as the testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances pointing to the existence or non-existence of certain facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that the jury find the facts in accord with the preponderance of all the evidence, both direct and circumstantial.

12. The evidence in this case consists of the sworn testimony of the witnesses, including interrogatories and deposition testimony read to you, regardless of who may have called them; all exhibits and photographs received in evidence, regardless of who may have produced them; all facts which may have been admitted or stipulated; and all facts and evidence which may have been judicially noticed.

13. As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial I have sustained objections to questions asked without permitting the witness to answer or, where an answer has been made, have instructed that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you speculate as to what the witness would have said if the witness had been permitted to answer the question.

14. In determining what evidence you will accept you must make your own

evaluation of the testimony given by each of the witnesses, and determine the degree of weight you choose to give to his or her testimony.  There is no magical formula by which one may evaluate testimony.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.  You should carefully scrutinize the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  In addition, in your consideration of the evidence, you are permitted to draw such reasonable inferences as seem justified in the light of your experience.

### III. BURDEN OF PROOF

15.  The burden of proof in civil cases is to establish each essential element of a claim or an affirmative defense by a preponderance of the evidence.  To establish an element of a claim or an affirmative defense "by a preponderance of the evidence" means to prove that something is more likely so than not so.  In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider, unless otherwise instructed, the evidence I spoke of above -- sworn testimony, exhibits, stipulated facts, etc.  In reaching your verdict, you should give to this evidence whatever weight you deem proper.

### IV. ELEMENTS OF THE CASE

A. Negligence

16.  As I told you at the start of this trial, the claim asserted by Mr. Askins is for negligence, specifically that Wernicki Trucking acted negligently by failing to maintain its tractor trailer truck in a reasonable fashion.

17. Generally speaking, negligence is the doing of some act which a reasonably prudent person <u>would not do</u>, or the failure to do something which a reasonably prudent person <u>would do</u> under circumstances similar to those shown by the evidence in this case. It is, in other words, a failure to use ordinary care. Negligence is a form of carelessness and does not involve a bad intent on the part of the defendant.

18. In order for Mr. Askins to prevail against Wernicki Trucking for negligence, he must prove three elements by a preponderance of the evidence. If his proof should fail to convince you of any one of the three elements, you must find for Wernicki Trucking. The three elements are:

>First, that Wernicki Trucking owed Mr. Askins a duty of care;

>Second, that Wernicki Trucking breached that duty of care; and

>Third, that as a proximate result of that breach, Mr. Askins suffered personal injuries.

<u>(1) Duty</u>

19. The first element Mr. Askins must prove by a preponderance of the evidence is that Wernicki Trucking owed him a duty of reasonable care. You are to interpret the word "duty" as an obligation to conform to a particular standard of conduct toward another person which is recognized and enforced in the law.

20. The law imposes on a property owner a duty to maintain its property in a reasonably safe condition in view of all the circumstances. In order for such a duty to exist, however, Wernicki Trucking must have been in control of the trailer prior to the alleged event.

21. The duty to use reasonable care also includes a duty to warn of danger if the

person on whom that duty rests knew or reasonably should have known that a warning was needed. However, a defendant does not have a duty to warn about dangers that would be open and obvious to persons of average intelligence. Also, a plaintiff is entitled to a presumption that if a warning had been given by the defendant it would have been heeded.

(2) Breach

22. The second element which Mr. Askins must prove by a preponderance of the evidence is that Wernicki Trucking breached its duty of care, that is, that it did not exercise the required amount of care under the circumstances. The standard of care in negligence cases is how a person of reasonable prudence would act in similar circumstances. Thus, in order to determine if Wernicki Trucking breached its duty of care, and was therefore negligent, you must assess Wernicki Trucking's actions in comparison to a reasonable person. Speculation or conjecture is insufficient for establishing negligence.

23. The amount of care that a reasonable person exercises, however, varies with the circumstances. The amount of care increases with the likelihood and severity of the harm threatened. Therefore, based upon the facts you find from the evidence submitted in this case, you are to determine how a person of reasonable prudence would act in similar circumstances.

24. Proof that there was a hole in the floor of the trailer is insufficient to show negligence on the part of Wernicki Trucking. A defendant who has no actual or constructive knowledge of an alleged hazardous condition so that it could have reasonably removed, or warned the plaintiff of, the danger cannot be found to have

violated its duty of care. Thus, evidence that a defective condition existed at the time of the accident does not prove Wernicki Trucking's negligence without further evidence that it had notice or should have known about the dangerous condition. The length of time in which a defendant should discover or remove or warn of a dangerous condition depends upon the circumstances of each case.

### (3) Proximate Cause

25. The final element Mr. Askins must establish by a preponderance of the evidence is proximate causation, that is, that he suffered personal injuries as a proximate result of Wernicki Trucking's negligence. Mr. Askins must prove to you by a preponderance of the evidence that it was more likely than not that the conduct of Wernicki Trucking was a substantial factor in bringing about the result.

26. There is no requirement in the law that a plaintiff point out the exact way an accident happens. A plaintiff will have sustained his burden of proof, if he has proved that there was a greater likelihood or probability that the harm complained of was due to causes for which the defendant was responsible than from another cause.

27. The law also recognizes that there can be more than one cause to produce an injury and more than one person legally responsible for it. Where two or more causes combine to produce injuries, a defendant is not relieved of liability because it is responsible for only one such cause.

28. Finally, the law is clear that even the acts of third persons, intervening and contributing a condition necessary to the injuries effect of the original negligence, will not excuse the initial wrongdoer, provided that such act ought to have been foreseen. The test is to be found in the probable injurious consequences which were to be

anticipated, not in the number or sequence of events which might arise.

### (4) In Sum

29. To summarize the legal elements of Mr. Askins' negligence claim against Wernicki Trucking: if you conclude that Mr. Askins has proven by a preponderance of the evidence that Wernicki Trucking breached a duty of care owed to him and that he was injured as a proximate result of that breach, then you will have concluded that Wernicki Trucking is liable and may consider the question of damages. If Mr. Askins should fail to establish each of these elements of negligence, then you need not deliberate any further.

## B. Comparative Negligence

30. One more issue needs to be addressed before I turn to the question of damages. In this case, Wernicki Trucking has claimed that Mr. Askins was himself negligent in various particulars and that his own negligence was also a cause of his injuries.

31. As I have mentioned, the law recognizes that there may be more than one proximate cause of an injury. By raising the affirmative defense of comparative negligence, Wernicki Trucking alleges that even if it was negligent (which it denies), Mr. Askins was also negligent by failing to exercise ordinary care for his own safety and his negligence was also a proximate cause of his injuries.

32. Because it is an affirmative defense, Wernicki Trucking has the burden of proving by a preponderance of the evidence that Mr. Askins was negligent and that his negligence was a proximate cause of his injury.

33. If, therefore, you should find from a preponderance of the evidence that Mr.

Askins failed to exercise that degree of care as would be exercised by a reasonably prudent person, and that his negligence contributed to his injuries, then you must assess, in percentage terms, the degree to which the negligence, if any, of Mr. Askins and Wernicki Trucking contributed to his injuries. You will indicate your answer in the special verdict form which you will have with you and which I will read to you shortly. You should remember, however, that in apportioning the relative fault between Mr. Askins and Wernicki Trucking, your answer must total 100 percent.

34. If you find that Mr. Askins did not contribute by his negligence to his own injuries, full damages as you calculate them will be awarded to him. If you find that Mr. Askins' negligence was a cause of 50 percent or less of the total amount of damages he would otherwise be entitled, these damages will be reduced by the court by the percentage which you find his negligence contributed to his injury. I want to emphasize that you should not reduce your damage award but only provide the percentage, if any, which Mr. Askins' own negligence contributed to his injury. The reduction will be made by the court based on that percentage. If, however, you find that Mr. Askins was more than 50 percent responsible for his injury, a verdict will be entered in favor of Wernicki Trucking on this claim.

C. Damages

35. First, I caution you that nothing said in these instructions is to be taken by you as intimating how I think you should decide any question in the case, and what amount of damages, if any, you may wish to award. The plaintiff bears the burden of proving his damages by a preponderance of the evidence.

36. The purpose in awarding damages is to compensate an injured person for

9

the losses incurred because of the defendant's negligent conduct.  The purpose is not to award the plaintiff or punish the defendant.  Damages are to be awarded to the plaintiff as a fair and reasonable compensation for the legal wrong done to him by the defendant.  There is no special formula for determining damages.  It is you obligation to assess what is fair, adequate and just.

37.  With regard to this case, you may consider the following elements of damages:

> First, Mr. Askins' past medical expenses for hospitalization or other care and treatment;
>
> Second, Mr. Askins' past, present and future physical pain, suffering and mental anguish;
>
> Third, Mr. Askins' past, present and future disfigurement; and
>
> Fourth, any loss of earning capacity Mr. Askins may have suffered as a result of Wernicki Trucking's negligence.

(1) <u>Medical Expenses</u>

38.  In awarding Mr. Askins damages for the cost of medical care and treatment you may consider costs incurred by him for treatment that has been rendered to date.

(2) <u>Pain and Suffering</u>

39.  Regarding pain and suffering, Mr. Askins is entitled to recover for the physical pain and suffering he has experienced as a result of the injuries inflicted upon him by Wernicki Trucking as well as for any mental suffering connected with and growing out of the physical injury.  This includes damages for past, present and future pain, suffering and mental anguish.

(3) <u>Disfigurement</u>

40. Mr. Askins is also entitled to recover damages to compensate him for any disfigurement he has suffered as a result of Wernicki Trucking's negligence.  In this regard you should consider the disfigurement suffered by Mr. Askins from the time of his injury to the present as well as any disfigurement that will occur in the future.  Your verdict today must compensate Mr. Askins for the past, present and future effects of his injuries.

(4) Loss of Earning Capacity

41. The last area of damages for your consideration is loss of earning capacity. In determining Mr. Askins' loss of earning capacity, as a result of Wernicki Trucking's negligence, you may consider evidence of what Mr. Askins did until his accident, what his interests were, what his training and experience had been, what his talents were, and generally what he was like in order to help determine his capacity to earn since the accident and into the future.  You may not take into account anything that is merely possible, speculative or imaginative.  Rather, your award must be based on reasonable probability and can be made on the basis of your common knowledge.

42. Finally, I add that a defendant is only responsible for the damages caused by its negligence.  The plaintiff may not recover for injuries that he would have experienced even if the accident never occurred.  In this case, you heard testimony about Mr. Askins' previous injuries to his right knee.  If you find that Mr. Askins' previous injuries can be separated from the injuries allegedly received in this incident, then you cannot award damages for any pain, suffering or impairment that he would have experienced if the incident never occurred.

**V. CONCLUSION**

43.  That completes my instructions to you.  Special verdict questions have been prepared for your convenience.  You will take the form containing these questions with you to the jury room, where you will deliberate with a view towards reaching a unanimous answer to each question.  Follow the directions on the form, as they will explain to you how, and in what order, to answer the questions.

**[REVIEW SPECIAL VERDICT FORM]**

44.  The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict form when completed. When you have reached unanimous agreement as to each question on the verdict form, you will have your foreperson fill in, date and sign the form at the bottom of the last page.  Then, the jury will return to the courtroom and render its verdict to the Court.

Go now, and begin your deliberations.